| | |
|---|---|
| 1 | J. Edward Kerley (175695) |
| | HEREFORD KERLEY LLP |
| 2 | 1999 Harrison Street, #1400 |
| | Oakland, California 94612 |
| 3 | Telephone: (510) 433-2682 |
| | Facsimile:  (510) 228-0350 |
| 4 | |
| 5 | Dorothy F. Waldrup (237900) |
| | OFFICE OF DOROTHY F. WALDRUP |
| 6 | 1101 5th Ave., Suite 310 |
| | San Rafael, CA 94901 |
| 7 | Telephone: (415) 250-7034 |
| | Facsimile:  (415) 223-2155 |
| 8 | |
| 9 | Attorneys for Plaintiff |
| | AHMED MADRY |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AHMED MADRY, an individual, | ) | Case No. 3:10-CV 00999-BZ |
| Plaintiff, | ) | **PLAINTIFF'S SEPARATE CASE MANAGEMENT STATEMENT** |
| vs. | ) | |
| INTEROCEAN AMERICAN SHIPPING CORPORATION, a corporation, BOB LAYCO, an individual, and DOES 1 – 10; | ) | |
| Defendants. | ) | |



CASE NO. 3:10-CV-00999-BZ          1          **PLAINTIFF'S CASE MANAGEMENT STATEMENT**

Plaintiff Ahmed Madry submits the following separate case management statement because the defendants have not yet appeared in the action. Plaintiff's application for a waiver of fees and to proceed in forma pauperis was granted by the Court. As a result service was made through the U.S. Marshall's office. Plaintiff has been unable to determine the dates for service, no proofs of service have been filed, and inquiries to the U.S. Marshall's offices have not been returned. On June 14, 2010, counsel for the United States, contacted Plaintiff's counsel to inform them that they had been served on June 3, 2010, and to ask that Plaintiff request a continuance of the initial case management conference date.

Therefore Plaintiff requests that the Court continue the date for the Initial Case Management Conference to a convenient time on the Court's calendar sufficient for the United States to respond to the Complaint and for the parties to meet and confer.

## JURISDICTION AND DESCRIPTION OF THE CASE

Madry is a resident of Oakland, California. Madry was employed as a seaman in the position of a "wiper" on the SS Beaver State which was docked in Alameda, California, for repairs. As a wiper Madry's duties were essentially entry-level duties assisting in the general engine department with the maintenance and cleaning of the ship. Madry is a U.S. citizen of Yemeni descent. Interocean, who was responsible for making repairs to the SS Beaver State, knowingly permitted Bob Layco, an employee of Interocean and Madry's supervisor, to engage in a campaign of abuse that included threats, slurs, physical endangerment and injury because of Madry's race and nationality.

Layco intentionally forced Madry to perform work in areas without allowing him to take appropriate safeguards. As a result Madry suffered physical injury including, but not limited to, chemical burns. Madry is also informed and

believes that he was unnecessarily exposed to inhalation of asbestos materials. Layco's conduct ultimately caused the working conditions to become so intolerable and aggravated that Madry was compelled to resign his position.

As a result of Interocean and Layco's acts Madry has suffered damages from the loss of wages, loss of opportunity for career advancement, medical expenses, and humiliation and mental anguish.

On March 16, 2009, Madry filed an action against Interocean and Layco under California's Fair Employment and Housing Act in Alameda Superior Court. Defendants removed the action to this Court on the basis that the United States was the appropriate party and that a seaman's claims arising from employment aboard vessels owned by the United States are governed by the Clarification Act, and enforced pursuant to the terms of the Suits in Admiralty Act. And further that dismissal was required because Madry did not file administrative claim with Maritime Administration ("MARAD"). On June 19, 2009, Judge Illston of this Court granted defendants' motion to dismiss the complaint without prejudice.

Madry made an administrative claim to MARAD. Madry never received a response from MARAD acknowledging his claim, or taking any action on it. As a consequence when the time period for MARAD to respond to the administrative complaint expired, Madry filed this action.

## MOTIONS

The case is not at issue and presently there have been no motions, and there are no motions set for hearing. Plaintiff anticipates a motion to dismiss Interocean and Layco if the United States or MARAD answers and asserts that it is responsible for these defendants' acts.

## ALTERNATIVE DISPUTE RESOLUTION

Plaintiff is willing to participate in an ADR process and believes that it should be successful once initial discovery is completed as to Interocean's responses to Madry's complaints to his supervisor and his supervisor's supervisor is complete.

## CONSENT TO MAGISTRATE JUDGE

Plaintiff voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in the case, including trial of the matter, and order for the entry of a final judgment..

## INITIAL DISCLOSURES UNDER F.R.C.P. 26

As defendants have not yet appeared, there has been no conference or initial disclosures discussed among the parties.

## DISCLOSURE OF NON-INTERESTED ENTITIES OR PERSONS

There are no interests to report. Plaintiff is unaware of anyone other than the named parties that have a financial interest in the subject matter or in a party to the proceeding, or any other kind of interest that might substantially affect the outcome of this action.

Dated: June 14, 2010                HEREFORD KERLEY LLP


/s/ Edward Kerley
J. Edward Kerley
Attorneys for Ahmed Madry

IT IS HEREBY ORDERD that the Case Management Conference is continued to July 19, 2010 at 4:00 p.m.
DATED:  6/15/2010

IT IS SO ORDERED
Judge Bernard Zimmerman

